Arbutus PARRIS, Plaintiff-Appellant.

v.

SINCLAIR REFINING COMPANY, Defendant-Appellee.

Donald Eugene PARRIS, a Minor by next friend, Arbutus Parris, Plaintiff-Appellant,

v.

SINCLAIR REFINING COMPANY, Defendant-Appellee.

Nos. 16357, 16358.

United States Court of Appeals
Sixth Circuit.

May 6, 1966.

Harry Berke, Chattanooga, Tenn., for appellants; Berke & Berke, Chattanooga, Tenn., on the brief.

William W. Haynes, Chattanooga, Tenn., for appellee; Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., of counsel.

Before PHILLIPS and CELE-BREZZE, Circuit Judges, and McAL-LISTER, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

On February 18, 1963, Plaintiff-Appellant, Donald Eugene Parris, hereinafter referred to as Plaintiff, was injured by an explosion while working as a full time employee in a Sinclair gasoline station in Chattanooga, Tennessee. As a result thereof these suits were instituted by Donald Eugene Parris and Arbutus Parris, the mother of Donald Parris, against Defendant-Appellee Sinclair Refining Company, hereinafter referred to as Defendant. Plaintiff was eighteen years old at the time of the accident.

The gasoline station was managed by Elward Hudson, who, approximately one year before the accident, leased the station and certain equipment from the Defendant. One of the duties assigned to the Plaintiff by Hudson was to clean the lubrication room. Plaintiff was instructed by Hudson to pour gasoline on the floor, scrub the floor with a mop, then take a water hose and run the grease down the drain. Hudson would help Plaintiff with the job.

On the day of the accident, Plaintiff had nearly completed the job as detailed above when an explosion occurred which badly burned him. Plaintiff had finished using the gasoline approximately ten to fifteen minutes before the explosion. At the time of the explosion, Plaintiff was standing near the grease rack, which was about four feet from a burning oil stove. This stove was located in the office near the doorway between the office and the lubrication room. These two rooms were separated by a wall, a doorway, and a glass window. However, when Hudson leased the premises, the door and the glass window pane were missing. The door and the window pane were not replaced by Hudson, and both were missing at the time of the accident. The oil stove was portable and was owned by Hudson.

Shortly before the explosion, a Mr. Sharp, a Sinclair representative, entered the lubrication room. Mr. Sharp asked Plaintiff what he was using to clean the floor, and Plaintiff told him gasoline. Plaintiff did not remember if Mr. Sharp told him that using gasoline was dangerous. Mr. Sharp left before the explosion.

Upon these facts, the District Judge granted the Defendant's motion for a directed verdict. The Plaintiff now appeals.

No evidence was presented by the Plaintiff as to the cause of the explosion. The Plaintiff maintains that the fumes from the gasoline were allowed to escape from the lubrication room into the office because the door and window pane between the rooms were missing and thus an explosion resulted, due to the fact that the oil stove was burning. Plaintiff claims liability attaches to the Defendant

because the station was leased in a dangerous and defective condition.

The District Judge correctly concluded that no legal duty imposed upon the Defendant was violated. The method of cleaning the floor with gasoline was directed and approved by the Lessee, not the Lessor. The stove was owned by Hudson, and could have been moved to any position. Most importantly, the condition of the leased premises was not concealed. Even if the condition was considered dangerous, it was readily apparent to Hudson and the Plaintiff.

█ Under Tennessee law, there is no implied warranty that the property is fit or suitable for the purposes for which it is leased. Glassman v. Martin, 196 Tenn. 595, 269 S.W.2d 908 (1954). The tenant takes the property as he finds it, with all existing defects which he knows of or which are apparent to him. 32 Am.Jur., Landlord and Tenant, Sections 654, 662, 672, and 673.

In Stenberg v. Willcox, 96 Tenn. 163, 33 S.W. 917, 34 L.R.A. 615 (1896), the Tennessee Court said:

"* * * if plaintiffs can recover at all in this case, it must be upon the ground that the landlord leased premises in a dangerous and unsafe condition, when he knew, or might, by the exercise of reasonable diligence and care, have known, of such unsafe condition, and upon the further ground that plaintiff did not know of such unsafe condition, and could not have known of it by the exercise of reasonable diligence * * *."

See also Glassman v. Martin, supra, and Willcox v. Hines, 100 Tenn. 538, 46 S.W. 297, 41 L.R.A. 278 (1898). The condition here was clearly not a latent defect unknown to the Plaintiff and to the Lessee.

Moreover, the lease, in paragraph 9, provided in part:

"Lessee covenants and agrees at his own cost * * * to maintain in good condition and repair the station, driveways, approaches and sidewalk adjacent thereto, restrooms, structures, equipment, appliances, plumbing and other facilities, as well as any personal property hereby leased to lessee. * * *"

The fact that the oil stove was placed in the doorway, coupled with the instruction by the Lessee that the floor should be cleaned with gasoline did not impose a duty upon the Defendant to shield the Plaintiff from his own conduct.

█ The fact that a representative of Defendant, Mr. Sharp, happened to be present in the station shortly before the explosion took place did not place any legal duty on Mr. Sharp to warn the Plaintiff of any potential danger in the absence of any evidence that Mr. Sharp knew that a dangerous condition existed. There was no evidence introduced before the trial court as to what the duties of Mr. Sharp were, or in what capacity Mr. Sharp was acting for Defendant, nor was there any evidence introduced that Mr. Sharp possessed superior knowledge. In the absence of any evidence as to the duties, training and experience of Mr. Sharp one cannot impute superior knowledge to him when the only evidence was that Mr. Sharp was a representative of Defendant. Further, the Plaintiff testified he could not remember whether Mr. Sharp warned him or not. Plaintiff also testified he was familiar with all conditions of the service station, including the absence of a window pane and door between the office and the lubrication room and the position of the stove in the office. Plaintiff also testified he was aware of the danger of using gasoline near a fire.

We conclude that the Plaintiff, acting under the instruction of the Lessee, created the dangerous condition by his own conduct; that the absence of a door and the window pane were apparent to the Lessee and the Plaintiff, and that by the exercise of reasonable diligence Plaintiff would have avoided creating the unsafe condition. Plaintiff has failed to show that the Defendant violated any legal duty owed to him.

The judgments of the District Court are affirmed.